ROBERT E. HUNTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4123.        Promulgated September 6, 1927.

In the absence of proof of cost or of accrued depreciation, claim for loss resulting from demolition and reconstruction of a rental property, is disallowed.

*Hunter Wilson, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

The Commissioner has asserted a deficiency in income tax for the year 1921, in the amount of $799.26. The only issue is whether the petitioner sustained a loss, resulting from the partial demolition and reconstruction of a certain building in the taxable year.

### FINDINGS OF FACT.

The petitioner is an individual residing at Memphis, Tenn., and is now and has been for about 20 years engaged in the real estate business. In August, 1921, he purchased for $16,000 cash, a certain property described as 339–343 Beale Avenue, Memphis, Tenn., on which stood an old two-story brick-and-frame building, the first floor of which was used for stores and the upstairs for the renting of rooms. This building was not in good repair when purchased. In the latter part of October, 1921, the structure was condemned by the building inspector of Memphis, and such condemnation was approved by the Board of City Commissioners of the City of Memphis, Tenn., not later than October 26, 1921.

The petitioner acquired the property in question for rental purposes and contemplated spending from $2,000 to $2,500 in repairing it. An architect in Memphis of 30 years' experience was called in to examine the building regarding the necessary repairs and to make estimates as to the cost thereof. This architect was called as a witness for the petitioner and testified concerning the condition of the building when he examined it. There was a wooden floor, on wooden joists about 2 feet from the ground, and those joists had dry-rotted

and decayed. The front was of brick built on wooden columns, and they had decayed. The end walls and the side walls were in a bad condition and full of cracks, and the plumbing, wiring, roof, window frames, plastering and painting were in a very bad condition.

Upon the advice of said architect that it was impossible to make the repairs contemplated by the petitioner, on account of the condition of the building, he was directed by the petitioner to reconstruct said building, which he did by the end of the year 1921 at a cost of $10,500. In the process of reconstruction, approximately 85 per cent of the old building was demolished, some of the walls and cross beams being retained. Some of the old material torn out, such as brick and a few old window frames, was used again in the rebuilding. The building after this reconstruction had the same height, the same dimensions, and the same general area of floor space as before, but the second floor was rearranged so as to include a few more rooms. The fair market value of the reconstructed property was around $20,000 or $21,000 on December 31, 1921.

OPINION.

LANSDON: The petitioner claims a deduction of $6,000 from gross income for the taxable year as a loss sustained in the involuntary demolition of a certain building acquired by him in August, 1921. The property, both land and building, was acquired in August, 1921, at the cost of $16,000 cash. There was no testimony as to that portion of the contract price representing the cost of the building alone at the date of acquisition in August, 1921. In view of the evidence adduced at the trial, it would be impossible to classify the reconstruction of the building as ordinary and necessary repairs. In the event that some of the work could be so classified, there has been no evidence introduced as to the extent thereof or the basis of its differentiation from capital expenditures.

The petitioner seems to have based his claim for the deduction of $6,000 from gross income of 1921 on the ground of a loss, or as he terms it, a loss of useful value occasioned by the involuntary demolition of a substantial part of a rental building owned by him. In support of this claim he called to the stand an experienced architect who testified that during the reconstruction of the premises there were destroyed about $6,000 of material and labor entering into the original building, due to changes in local building ordinances and the nonuse of old material. The architect testified that he so advised the petitioner at the time. On cross examination, however, the same witness stated that he did not know when the old building was constructed, or when the labor went into such building, or the cost of such labor.

The basis of the deduction claimed by the petitioner, if allowable, would of necessity be the remaining unextinguished and unrecovered cost to him of the building itself at the time of such demolition. Notwithstanding that the property was acquired in August, 1921, and the rebuilding occurred shortly thereafter, there was no attempt to segregate the purchase price of $16,000 as between the real estate and the building. It is apparent therefore that at least one of the fundamental factors upon which the deductible loss resulting from the demolition of business property must be determined has not been proven. Even if we accept the testimony of the architect as true, such testimony would form no proper basis for the deduction claimed. Under these circumstances, the Board can not do otherwise than approve the determination of the deficiency as found by the respondent.

*Judgment will be entered for the respondent.*

Considered by STERNHAGEN, GREEN, and ARUNDELL.